# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **Albert Brown Lurks, Jr.,** | Civil No. 09-681 (DSD/JJG) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Joan Fabian,** **John King,** | |
| Respondents. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter comes before this Court on a petition, under 28 U.S.C. § 2254, for a writ of habeas corpus (Doc. No. 1). Petitioner Albert Lurks, who is incarcerated at the Minnesota state prison in Stillwater, is proceeding on his own behalf. Respondents Joan Fabian, the Minnesota Commissioner of Corrections; and John King, warden of the Stillwater prison, are represented by James Spencer, Senior Assistant Olmsted County Attorney. The petition is referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(a).

**A.    Background**

Mr. Lurks (Lurks) pleaded guilty to one count of simple robbery and two counts of theft from a person before a Minnesota state district court on September 19, 2003. At the ensuing sentencing on December 18, 2003, the state district court imposed 180 months' imprisonment. This sentence included a substantial upward durational departure, based on the district court's determination that Lurks was a repeat offender and a dangerous offender pursuant to Minn. Stat. § 609.1095.

On November 11, 2004, Lurks filed a petition for postconviction relief with the state district court. He argued in part that, under Minnesota sentencing guidelines, his sentence was excessive. He added that, under the then-recently issued U.S. Supreme Court decision in *Blakely v. Washington*, 542 U.S. 296 (2004), he had a Sixth Amendment right to have a jury determine if he was a repeat or dangerous offender. The state district court granted the petition in part, ruling that *Blakely* should have applied at the December 2003 sentencing.

The prosecution appealed, and through an unpublished order opinion on March 15, 2006, the Minnesota Court of Appeals affirmed in part, reversed in part, and remanded. It concluded that *Blakely* did not apply, but it also discovered a violation of the state sentencing guidelines. As a result, it vacated the original sentence and remanded to the district court for resentencing. (Resp.'s Ans., Exh. F.)

Lurks was resentenced on October 24, 2006. The state district court again determined that Lurks was a repeat and dangerous offender, and sentenced him to 168 months. Lurks then directly appealed to the Minnesota Court of Appeals. This time, Lurks did not raise concerns about *Blakely* or any other federal law. Through an unpublished opinion on January 29, 2008, the appellate court concluded that the district court properly applied state sentencing guidelines and affirmed the sentence. *State v. Lurks*, No. 07-115, 2008 WL 223792 (Jan. 29, 2008).

Through a petition for further review, Lurks then appealed to the Minnesota Supreme Court. The petition only raised one issue, whether the district court had violated Minnesota case law regarding the proportional application of the state sentencing guidelines. In support of this position, Lurks relied on *Neal v. State*, 658 N.W.2d 536 (Minn. 2004), but he also cited *State v. Williams*, 608 N.W.2d 837 (Minn. 2000) and *State v. Evans*, 311 N.W.2d 481 (Minn. 1981).

None of these cases mention the U.S. Constitution or other federal law. The Minnesota Supreme Court denied the petition for further review on April 15, 2008.

Lurks filed his petition for a writ of habeas corpus in this District on March 24, 2009. He argues that the state courts failed to apply *Blakely*, and that his sentence was disproportional and thus violated state case law and sentencing guidelines.

**B.     Discussion**

In support of the latter argument, Lurks alleges that the state courts committed several violations of state sentencing laws. He contends that his sentence was a triple-upward durational departure, forbidden under state case law regarding proportionality of sentencing, and also that his sentence exceeded the sanctions permitted for simple robbery and repeat offenders.

As the respondents correctly observe, when Lurks raised these questions in the state court proceedings, he never framed them in the context of federal law. The respondents thus contend that these matters cannot be asserted in a federal habeas petition.

When a state prisoner seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, the prisoner may only complain that "he is in custody in violation of the Constitution or laws or treaties of the United States." This means a federal court only has authority to consider whether the state courts violated federal law, and that a federal court cannot review the decisions of a state court on an issue of state law. 28 U.S.C. § 2254(a); *Middleton v. Roper*, 455 F.3d 838, 852, 855 (8th Cir. 2006); *Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir. 2003).

To ensure that state courts have an opportunity to correct purported violations of federal law, a prisoner must fairly present all questions of federal law during the state court proceedings. Such presentation is done by citing a constitutional right; a constitutional provision; federal case law; or state case law that discusses federal constitutional law. *Middleton*, 455 F.3d at 855; *Cox*

*v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005). So where a prisoner only argues that state courts misapplied state sentencing guidelines, there is no fair presentation. *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997).

Without fair presentation, if a prisoner attempts to reframe a question of state law as one of federal law during habeas review, the issue can only be considered in circumstances involving actual prejudice or a fundamental miscarriage of justice. To establish actual prejudice, a prisoner must explain why federal claims were not advanced during state court proceedings; to establish a fundamental miscarriage of justice, the prisoner must claim actual innocence. *McCall*, 114 F.3d at 758.

Because Lurks has not attempted to reframe his sentencing complaints as an issue under federal law, and because he has not satisfied any exceptions to the fair presentation requirement, his concerns regarding Minnesota sentencing laws cannot be considered in this federal habeas proceeding.

For this reason, only the *Blakely* issue remains. The respondents argue, in part, that this issue is barred by the statute of limitations. Pursuant to 28 U.S.C. § 2244(d), they contend that his *Blakley* issue became actionable in May 2006, and notwithstanding any tolling for appeals, the one-year limitation period has run and the issue is barred.

A complete statute of limitations calculation is complicated by the multiple sentencings and appeals that occurred here. Rather than devoting lengthy analysis to this question, this Court thinks it more suitable to reach the merits. As the following discussion will plainly show, even if the *Blakely* issue is not barred by the statute of limitations, Lurks cannot obtain relief.

Where a question of law is raised by a habeas petition pursuant to § 2254, a federal court can only grant relief if a state court decision is contrary to, or involves unreasonable application

of, clearly established federal law. 28 U.S.C. § 2254(d). As the respondents correctly observe, the germane question here is whether *Blakely*, which issued on June 24, 2004, is retroactively applied to Lurks' conviction.[1]

Under unambiguous Eighth Circuit authority, and consistent with rulings of other federal appellate courts, *Blakely* does not apply retroactively. *United States v. Stoltz*, 149 Fed.Appx. 567, 568-69 (8th Cir. 2005) (per curiam), *cert. denied*, 547 U.S. 1028 (2006). As a result, when the Minnesota state courts did not apply *Blakely* to Lurks' sentence, this decision comported with federal law. This Court accordingly concludes that Lurks is not entitled to federal habeas relief.

**C.     Recommendation**

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1.     Lurks' petition for a writ of habeas corpus (Doc. No. 1) be **DENIED.**

2.     This litigation be dismissed in its entirety and judgment entered.

Dated this 4th day of August, 2009.

s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **August 18, 2009**. A party may respond to

---

[1] The parties have not addressed why retroactivity is material here. Lurks was resentenced after *Blakely*, but his resentencing followed collateral review in postconviction proceedings, and so *Blakely* did not apply. *See United States v. Stoltz*, 149 Fed.Appx. 567, 569 (8th Cir. 2005) (per curiam) ("*Blakely* does not apply retroactively to convictions or sentences on collateral review."); *see also Ausler v. United States*, 545 F.3d 1101, 1105 (8th Cir. 2008) (holding that, where a constitutional decision does not operate retroactively, it "does not benefit movants in collateral proceedings"). This Court can otherwise infer that Lurks' conviction predated *Blakely*. Though the record here does not precisely disclose when Lurks' conviction became final, he was originally sentenced on December 18, 2003. So his conviction was necessarily final on or before that date, more than six months before *Blakely* issued.

the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit.