UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 09-681(DSD/JJG)

Albert Brown Lurks, Jr.,

        Petitioner,

v.  **ORDER**

Joan Fabian, Minnesota
Commissioner of Corrections,
John King, Warden of
Stillwater prison,

        Respondent.


This matter is before the court upon Albert Brown Lurks, Jr.'s ("Lurks"), objections to the August 4, 2009, report and recommendation of Magistrate Judge Jeanne J. Graham. The magistrate judge recommends denying Lurks' March 24, 2009, pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Based on a de novo review of the file, record and proceedings herein, the court adopts the report and recommendation in its entirety.


**BACKGROUND**

The background of this case is fully set forth in the magistrate judge's report and recommendation, and the court only summarizes those facts necessary to resolve Lurks' objections. Lurks pleaded guilty in Minnesota state court to simple robbery and two counts of theft from a person. He was sentenced on December

18, 2003, under the dangerous-and-repeat-offender enhancement.[1] After his sentence became final, the Supreme Court decided <u>Blakely v. Washington</u>, holding that the statutory maximum for Sixth Amendment purposes is not the maximum sentence allowed by statute, but rather the maximum sentence a judge may impose without additional findings. 542 U.S. 296, 303-04 (2004). Lurks sought post-conviction relief in state court, and the Minnesota Court of Appeals, in an unpublished order, denied Lurks relief under <u>Blakely</u>. <u>Lurks v. Minnesota</u>, No. A05-947 (Minn. Ct. App. Mar. 14, 2006); <u>accord</u> <u>State v. Houston</u>, 702 N.W.2d 268 (Minn. 2005) ("<u>Blakely</u> is a new rule of constitutional criminal procedure unavailable for collateral use.").

In the instant petition, Lurks claims that his sentence violated state law and that the sentencing court's application of the dangerous-and-repeat-offender enhancement violated his Sixth Amendment rights.[2] The magistrate judge recommends dismissing the petition because <u>Blakely</u> does not retroactively apply to Lurks'

---

[1] At that time, Minnesota law allowed a court to depart from the guideline sentence up to the statutory maximum upon finding that the defendant had two or more convictions for violent crimes and was a danger to public safety or that the defendant had five or more prior felony convictions and the present felony was committed as a part of a pattern of criminal conduct. <u>See</u> Minn. Stat. § 609.1095 (2003).

[2] The court liberally construes all claims actually presented in a pro se habeas petition. <u>Frey v. Schuetzle</u>, 78 F.3d 359, 360-61 (8th Cir. 1996).

2

sentence.[3]  Lurks objects.  The court reviews the report and recommendation of the magistrate judge de novo.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b).

**DISCUSSION**

The court may only issue a writ of habeas corpus pursuant to § 2254 if the state court rendered a decision either "contrary to" or involving "an unreasonable application of[] clearly established [f]ederal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).  Only direct holdings of the Supreme Court at the time of the challenged state court decision are "clearly established federal law."  Williams v. Taylor, 529 U.S. 362, 412 (2000).

Lurks argues that the Minnesota Court of Appeals erred in determining that Blakely is a new rule of criminal procedure. According to Lurks, Blakely applies retroactively on collateral review because its holding was dictated by Apprendi v. New Jersey, 530 U.S. 466 (2000), and thus Blakely did not announce a new rule.

---

[3] The magistrate judge also recommends denial of Lurks' petition because he did not frame his state-law complaints in the context of federal law, and his complaints do not satisfy an exception to the fair-presentation requirement. See Carney v. Fabian, 487 F.3d 1094, 1096 (8th Cir. 2007) ("[T]he petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts.") (citations omitted).  Lurks does not object to those recommendations.

3

Cf. Whorton v. Bockting, 549 U.S. 406, 416 (2007) ("Under the Teague framework, an old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review.") (citation omitted).

A. **Contrary to Clearly Established Federal Law**

In Blakely, the Supreme Court did not state whether it announced a new rule. See Burton v. Stewart, 549 U.S. 147, 149 (2007) (noting that the Court "granted certiorari in this case ... to determine whether our decision in Blakely ... announced a new rule and, if so, whether it applies retroactively on collateral review," but dismissing the case on procedural grounds). Because the Supreme Court has not decided this issue, the court determines that the decision of the Minnesota Court of Appeals was not contrary to federal law. See Carey v. Musladin, 549 U.S. 70, 76-77 (2006) (noting that lack of holdings from Supreme Court precludes finding a state court decision contrary to clearly established federal law).

B. **Unreasonable Application of Clearly Established Federal Law**

The court performs the "unreasonable application" inquiry by asking "whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409 (O'Connor, J., concurring). As noted above, there was no clearly established federal law for the Minnesota Court of Appeals to misapply. Therefore, the Minnesota Court of Appeals

4

relied on the Minnesota Supreme Court's determination that <u>Blakely</u> announced a new rule under <u>Teague v. Lane</u>, 489 U.S. 288, 301 (1989).[4]  <u>See</u> <u>Houston</u>, 702 N.W.2d at 270-73.

Like Lurks, the defendant in <u>State v. Houston</u> argued that <u>Blakely</u> is not a new rule.  <u>See</u> 702 N.W.2d at 271.  In <u>Houston</u>, the Minnesota Supreme Court used <u>Teague</u> to analyze the novelty of <u>Blakely</u>.  Under <u>Teague</u>, "a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final."  489 U.S. at 301 (alteration in original).  The <u>Houston</u> court first considered distinctions between <u>Blakely</u> and <u>Apprendi</u> and noted that prior to <u>Blakely</u>, courts viewed the "statutory maximum" as "the ceiling of the relevant statutory sentencing range."  702 N.W.2d at 271.  <u>Blakely</u>, the court said, altered the understanding of the maximum sentence to be "the presumptive sentence ... under state sentencing guidelines."  <u>Id.</u>  Next, the court considered <u>United States v. Booker</u>, 543 U.S. 220 (2005) (applying <u>Blakely</u> to federal sentencing guidelines), <u>Ring v. Arizona</u>, 536 U.S. 584 (2002) (applying <u>Apprendi</u> to Arizona death-penalty sentencing scheme), and <u>Schriro v. Summerlin</u>, 542 U.S. 348 (2004) (holding that <u>Ring</u> is a new rule of criminal procedure), and concluded that <u>Blakely</u> altered the meaning of "statutory maximum"

---

[4] While state courts are no longer limited by <u>Teague</u> when considering federal law, at the time Lurks challenged his sentence, <u>Teague</u> controlled the Minnesota courts' analysis of retroactivity. <u>See</u> <u>Danforth v. Minnesota</u>, 128 S. Ct. 1029 (2008); <u>Danforth v. State</u>, 761 N.W.2d 493, 495 (Minn. 2009).

in "a much more fundamental way." 702 N.W.2d at 271-72 & 272 n.2. Lastly, the court determined that reasonable jurists disagreed about the result reached in Blakely. Id. at 272-73 (noting that before Blakely, only one court had ever read Apprendi to invalidate an upward departure from a guidelines sentence) (citation omitted). The Houston court then held that Blakely is a new rule. Id. at 273.

Because the Supreme Court has not clearly established the novelty or retroactivity of Blakely, the court also considers the decisions of lower federal courts to assess the reasonableness of the Minnesota Court of Appeals resolution of this issue. See Atley v. Ault, 191 F.3d 865, 871 (8th Cir. 1999). The Eighth Circuit held that "the rule announced in Blakely is a new procedural rule" and "is not of watershed magnitude." United States v. Stoltz, 149 F. App'x 567, 569 (8th Cir. 2005) (per curiam) (unpublished opinion), cert. denied, 547 U.S. 1028 (2006). Other circuit courts concurred. See, e.g., Michael v. Crosby, 430 F.3d 1310, 1312 n.2 (11th Cir. 2005), Schardt v. Payne, 414 F.3d 1025, 1034-37 (9th Cir. 2005); United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005).

In light of the absence of a holding by the Supreme Court regarding the novelty of Blakely, distinctions between Apprendi and Blakely and congruent decisions of the Circuit Courts of Appeals, the decision of the Minnesota Court of Appeals that Blakely did not

apply to Lurks' sentence was not an unreasonable application of clearly established federal law.

## CONCLUSION

After a thorough review of the file and record, the court finds that the report and recommendation is well reasoned and correctly resolves the issues in this matter. Accordingly, **IT IS ORDERED** that:

1. Lurks' objections [Doc. No. 12] to the magistrate judge's report and recommendation [Doc. No. 11] are overruled;

2. Lurks' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. No. 1] is denied;

3. This action is dismissed with prejudice;

4. Pursuant to 28 U.S.C. § 2253(c)(1)(A), the court denies a certificate of appealability in this case.

Dated: October 23, 2009

s/David S. Doty
David S. Doty, Judge
United States District Court